IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CARL JEROME HOLMES, | : |
| Petitioner, | : |
| v. | :  7:04-cv-77 (HL) |
| B.G. COMPTON, Warden, | : |
| Respondent. | : |

_____

**ORDER**

Presently pending in this § 2254 action are the petitioner's Motion to Amend and the respondent's Motion to Dismiss the petition as untimely. The respondent contends the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The petition was filed on September 24, 2004.

Pursuant to the AEDPA, which became effective on April 24, 1996, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.A. § 2244(d)(1)(A) (West Supp. 2004). The Act further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C.A.

§ 2244(d)(2) (West Supp. 2004).

In his motion and brief seeking dismissal of this federal habeas petition, the respondent addresses the petition as though it attacks petitioner's March 1, 1990, conviction for possession of cocaine with intent to distribute and three counts of burglary in the Superior Court of Berrien County. The petitioner does have a federal habeas petition pending before this court attacking the Berrien County conviction. *See* Civil Action No. 7:04-cv-126 (HL); *see also* Civil Action No. 7:04-cv-125 (HL). However, the petition under consideration here attacks petitioner's April 20, 1989, burglary conviction in the Superior Court of Lowndes County. *See* Petition at document # 3 and Order at # 6 (directing the assigning of separate civil action numbers). Although the respondent may have established a basis that would allow the court to consider dismissing the federal petition attacking the Berrien County conviction, the respondent has not provided the court with an adequate basis to dismiss this petition attacking petitioner's Lowndes County conviction.[1] Accordingly, the respondent's Motion to Dismiss is hereby **DENIED**.

Plaintiff's Motion to Amend, in which he appears merely to offer additional arguments in support of his original grounds for habeas relief, is **DENIED**, as it presents no issues that require the court's rulings or determination. When and if the court reaches the merits of the petitioner's grounds for habeas relief, the petitioner's arguments in support thereof will be

---

[1] The court notes that in Civil Action Nos. 7:04-cv-125 and 7:04-cv-126, the respondent has filed motions to dismiss that reference supporting briefs, although no briefs appear to have actually been filed in those cases.

thoroughly considered.

**SO ORDERED**, this the 12th day of September, 2005.


                                                        **s/   Hugh Lawson**
                                                        HUGH LAWSON, JUDGE