IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| CARL JEROME HOLMES, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | Civil Action File No. |
| | : | **7:04-CV-77 (HL)** |
| B.G. COMPTON, Warden, | : | |
| | : | |
| Respondent. | : | |

## RECOMMENDATION

Presently pending in this *pro se* prisoner *habeas corpus* action is respondent's motion to dismiss (Doc. 25)[1].

Petitioner pled guilty in Lowndes County on June 20, 1989, to possession of cocaine with intent to distribute and three counts of burglary. Petitioner was sentenced to ten years probation and 120 days in a probation detention center. Petitioner did not appeal his convictions or sentences.

Petitioner filed a state habeas corpus action in Fulton County on June 13, 1997. A hearing was conducted on the petition on January 13, 1999; the habeas court entered an order denying relief on March 29, 1999. Petitioner's application for certification of probable cause to appeal the denial of state habeas corpus relief was denied on June 3, 2003.

On or about September 24, 2004, petitioner executed the instant petition. Respondent moves to dismiss the petition as untimely based upon the one-year statute of limitations under 28 U.S.C

---

[1] Respondent filed an earlier motion to dismiss, which was denied by the district judge because the motion dealt with a different conviction than the one petitioner is challenging herein. The currently pending motion addresses the correct conviction.

§ 2244(d).

Section 2244(d) of the AEDPA provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A conviction is "final" for habeas corpus review when direct review has concluded or the time for seeking further appellate review has expired. Clay v. United States, 537 U.S. 522, 527 (2003). Georgia law provides that an appeal of a guilty plea shall be filed within 30 days of such plea. O.C.G.A. § 5-6-38.

In the instant case, petitioner's conviction and sentence were final prior to the enactment of the AEDPA. A one-year grace period existed for convictions that were final prior to the enactment of the AEDPA, or until April 23, 1997, in which to file a federal habeas petition or otherwise toll the provision by filing for state relief. Wilcox v. Florida Department of Corrections, 158 F.3d 1209, 1211 (11th cir. 1998).

Petitioner's conviction became final as of July 20, 1989, when the 30 day period for filing a direct appeal expired. O.C.G.A.§ 5-6-38(a). Petitioner had until April 23, 1997 in which to toll the AEDPA provisions by filing for state habeas relief. Petitioner did not initiate a challenge to

his conviction until June 13, 1997, when he filed his state habeas corpus petition; this was 49 days past the April 23, 1997 deadline.

Petitioner states that he is ignorant of the law and the proper procedures for the filing of appeals and state habeas, and that he diligently requested the transcripts from the plea and the sentence hearings, only receiving those from the sentencing hearing until immediately prior to the hearing on his state habeas petition.

Petitioner states that the failure to timely file the present habeas should be equitably tolled. In Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999), the United States Supreme Court stated that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik, 177 F.3d at 1271.

While equitable tolling is an "extraordinary remedy which is typically applied sparingly," Steed, 219 F.3d at 1300, it "can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Sec'y for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir.2001); *see also* Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999) (holding that the limitations period may be equitably tolled where "a movant untimely files because of *extraordinary circumstances* that are both beyond his control and *unavoidable even with diligence* " (emphasis added)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Drew, 297 F.3d at 1286. To establish diligence, then, the petitioner must present evidence showing reasonable efforts to timely file his action. Id. at 1287-89.   Because of the difficult burden, this Court has rejected most claims for equitable

tolling. See, e.g., Johnson v. United States, 340 F.3d 1219 (11th Cir.2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); Helton, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); Steed v. Head, 219 F.3d 1298 (11th Cir.2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); Sandvik v. United States, 177 F.3d 1269 (11th Cir.1999) (holding that attorney negligence will not warrant equitable tolling).

   Petitioner has not demonstrated the kind of extraordinary circumstances contemplated by the application of equitable tolling.  Equitable tolling is meant to be applied sparingly; petitioner has not demonstrated the extraordinary circumstances necessary to excuse his untimeliness.

   Therefore, it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss the petition as untimely be **GRANTED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO  RECOMMENDED**, this 18th  day of July, 2006.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd